## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

OSCIELENA STOKES

PLAINTIFF

V.                          NO. 3:99CV00214 JTR

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration                          DEFENDANT

## ORDER

On May 28, 1999, Plaintiff, represented by Mr. Anthony Bartels, filed this social security disability appeal. (Docket entry #2). On April 18, 2000, United States Magistrate Judge Henry L. Jones granted the Commissioner's Motion to remand this case for further evaluation of the evidence. (Docket entry #14). Judge Jones designated this as a "sentence six" remand pursuant to *Melkonyan, v. Sullivan*, 501 U.S. 89 (1991), which administratively closed the appeal but retained jurisdiction. (Docket entry #14 at 2).

This case was reopened on June 1, 2010, when the Commissioner filed an Answer to Plaintiff's Complaint.[1] On June 3, 2010, Mr. Bartels filed a Motion to Withdraw. (Docket entry #21).

Mr. Bartels states that on November 21, 2008, the Administrative Law Judge issued an adverse decision to Plaintiff, and that the Appeals Council affirmed on March 12, 2010. On March 18, 2010, he wrote Plaintiff advising her that he believed the appeal had no merit and that he would

---

[1] The case was reassigned to the undersigned United States Magistrate Judge due to the retirement of Judge Jones.

not be pursuing an appeal to district court.[2]  Mr. Bartels requests that he be allowed to "formally withdraw" because he "notified the plaintiff months ago that he was no longer representing her."

The fact that Mr. Bartels wrote Plaintiff to notify her that "he was no longer representing her" does not thereby relieve him of the representation in an ongoing district court case that Mr. Bartels himself filed and appeared in.  *See* E.D. Ark. Local Rule 83.5(f) ("No attorney shall withdraw from an action or proceeding except by leave of Court after reasonable notice has been given to the client and opposing counsel.").  If Mr. Bartels believes that Plaintiff's appeal no longer has merit and that he cannot ethically pursue it, he needs to better explain the factual and legal basis for his requested withdrawal.

Accordingly, Mr. Bartels is directed to file, within seven (7) days of the entry of this Order, a Supplemental Brief explaining the factual and legal basis for his requested withdrawal.[3]  The Court directs Mr. Bartels to immediately serve a copy of this Order on Plaintiff and file Notice that this Order has been served on her.

Finally, the Court vacates the briefing deadlines set forth in the Court's June 2, 2010 Scheduling Order (docket entry #20) pending the disposition of Mr. Bartels' Motion to Withdraw.

IT IS ORDERED this 16th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] In his letter to Plaintiff, Mr. Bartels wrote that her medical records did not show the required "degree of impairment" and that the "extent of her work activity" during the time she claimed disability "hurt the claim quite a bit."

[3] Mr. Bartels is authorized to file his Supplemental Brief *ex parte* and under seal.  However, he must serve Ms. Stokes with a copy of the Supplemental Brief.